UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BERMAN,<br><br>             Plaintiff,<br><br>     v.<br><br>DAVID MODELL,<br><br>             Defendant. | No. 2:13-cv-0565 TLN AC PS<br><br><br>ORDER AND ORDER TO SHOW CAUSE |

Pro per plaintiff John Berman is proceeding in this action on a first amended complaint filed April 8, 2013. Plaintiff, a citizen of Nevada, see Am. Compl. ¶ 2, invokes this court's diversity jurisdiction to bring suit against defendant David Modell, a citizen of Maryland, id. ¶ 1, on the following causes of action: conversion, abuse of process, breach of fiduciary duty, civil extortion, and intentional infliction of emotional distress. Plaintiff seeks $35,000 in actual damages, an immediate accounting, and punitive damages. Defendant has filed a motion to dismiss the amended complaint for lack of personal jurisdiction and improper venue. This motion is set for hearing on August 28, 2013.

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002).

Federal courts are conferred with original jurisdiction over "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e. every plaintiff must be diverse from every defendant." Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004). A "natural person's state citizenship is [ ] determined by her state of domicile, not her state of residence." Kanter v. Warner–Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff here has adequately pled that the parties are citizens of different states.

It appears, however, that plaintiff fails to meet the amount-in-controversy requirement. In determining the amount in controversy, courts first look to the complaint. Lewis v. Verizon Comm., Inc., 627 F.3d 395, 399 (9th Cir. 2010). Generally, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." Id. (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)). The amount in controversy is determined as of the commencement of the action, i.e., when the complaint is filed. Hill v. Blind Industries and Services of Maryland, 179 F.3d 754, 757 (9th Cir. 1999). In this case, both the original and amended complaints seek damages in the amount of $35,000 and "punitive damages in an amount appropriate to punish the defendant and deter others from engaging in similar misconduct." This appears to fall below the amount-in-controversy requirement.

Accordingly, IT IS HEREBY ORDERED that:

1. The August 28, 2013 hearing on defendant's motion to dismiss is continued to October 9, 2013 at 10:00 a.m. in courtroom #26.
2. Plaintiff shall show cause on or before September 4, 2013 why this action should not be dismissed for lack of diversity jurisdiction. Defendant may file a reply to plaintiff's response within seven days of its service.

DATED: August 20, 2013

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;berm0565.osc.jxn

2